A. H. TAPPER v. NATHAN PLIAM AND OTHERS.[1]

April 17, 1942.

No. 33,122.

[1]Reported in 3 N. W. (2d) 500.

*David London* and *Jack Werner*, for appellant.

*Samuel A. Warren*, for respondent Nathan Pliam.

*Samuel Saliterman*, for respondents David and Ethel Posnick and George Kaplan.

JULIUS J. OLSON, JUSTICE.

Plaintiff's cause is predicated upon the claim that defendants "fraudulently conspired to defraud" him of his broker's commission in a real estate transaction. Having met with an order of dismissal as to defendants Kaplan and Ethel Pliam when he rested and a directed verdict for the remaining defendants when the evidence was concluded, he appealed from the judgments entered after denial of his motion for a new trial.

That plaintiff's claim is founded in tort and not upon contract is abundantly shown by the record. At the outset of the trial, upon the court's inquiry: "On which ground are you bringing it [the action]? * * * Is it an action for tort, or an action upon a contract? You are claiming it is a tort action, and you are relying upon that case?" (the case to which the court and counsel referred is Johnson v. Gustafson, 201 Minn. 629, 277 N. W. 252), counsel's answer was: "It is upon that case that we are bringing it," and the court then ruled: "I will hold that this is an action in tort." Without further comment, the case was tried and determined upon that theory.

The court's views of the controlling facts and its reasons for disposing of the case in the manner stated are clearly stated in its

memorandum attached to the order denying the motion for new trial. The court said: "When the evidence was all in there appeared to be no issue to decide other than whether or not the plaintiff was the procuring cause of the sale, and also whether or not he was employed by the defendant [Nathan] Pliam as his agent." Then followed a discussion of the Gustafson case as well as Skene v. Carayanis, 103 Conn. 708, 714, 131 A. 497, 498, and Louis Kamm, Inc. v. Flink, 113 N. J. L. 582, 586, 175 A. 62, 66, the court pertinently pointing out that in "those cases plaintiffs were deprived of all rights to a commission from their sales and their only remedy was a tort action against the conspirators who deprived them of their contract rights," whereas in this case "plaintiff has lost nothing by the acts of the defendants. If plaintiff's claim is true, he was the procuring cause of the sale, was employed as agent to sell the property, and is entitled to a commission on the sale price. The sale from Pliam to the Posnicks is admitted, but the claim of the defendants is, first, that plaintiff was not employed to sell the property, and, second, that he was not the procuring cause." Under these circumstances, so the court thought, "there was nothing to do but relegate the plaintiff to another action against Pliam" for his commission.

A careful reading of the record leaves no doubt that there could be no other result than that reached by the trial court. Since, at best, plaintiff's claims have for their foundation no more than mere suspicion and there was no evidence of probative worth to show collusion or fraudulent conduct on defendants' part intended or tending to hinder, interfere with, or deprive plaintiff of any of his rights, no further comment on our part is needed than to say that each judgment is affirmed.

Affirmed.